CARL ULLMAN & COMPANY, Appellant, *v.* AMERICAN HAWAIIAN STEAMSHIP COMPANY, Respondent.*

First Department, October 24, 1930.

*C. Welmore Robinson* of counsel [*Robert E. Hill* with him on the brief; *Single & Single*, attorneys], for the appellant.

*L. deGrove Potter* of counsel [*Michael F. Whalen* with him on the brief; *Kirlin, Campbell, Hickox, Keating & McGrann*, attorneys], for the respondent.

McAVOY, J. The suit seeks recovery for damage to a cargo of hops carried on the steamship *Panaman*, a vessel of the respondent, from Portland, Ore., to New York, in January and February, 1927. The damage was caused by heat, according to the proof.

The bill of lading which was the contract of carriage provides that the carrier shall not be liable for damage by heat, temperature, change of character, nature of the goods, shrinkage, fumigation and disinfection.

It is contended now that there was a duty on the part of the

---

* Revg. 134 Misc. 475.

defendant to stow this cargo of hops in a cool place, because it knew that heat destroys their qualities. Plaintiff proved by one of defendant's witnesses that the hops were stowed in the hottest part of the ship, immediately adjacent to the engine room and boiler space trunkway.

The Harter Act, known also as the Foreign Bills of Lading Act, 1893, and also as the Carriage of Goods by Sea Act, provides that the bill of lading exception for loss or damage from any cause does not protect the carrier from fault in making proper stowage. (27 U. S. Stat. at Large, 445, chap. 105, §§ 1, 2; U. S. Code, tit. 46, §§ 190, 191.)

I think the loss clearly falls within one of the exceptions contained in the bills of lading and that the plaintiff must prove negligence, but plaintiff's evidence shows that the hops were stowed in a place unsuitable for stowing hops having regard to their character.

Thus negligence was shown which overcame the exemption.

The determination of the Appellate Term dismissing the complaint on the merits should be reversed and the judgment of the Municipal Court reinstated and affirmed, with costs to the appellant in this court and in the Appellate Term.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Determination reversed and judgment of the Municipal Court reinstated and affirmed, with costs to the appellant in this court and in the Appellate Term.